**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrance Smith, | No. CV-19-00108-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| C. Burch, | |
| Respondent. | |

On September 23, 2019, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation (Doc. 21) recommending that this Court dismiss Petitioner Terrance Smith's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) for lack of jurisdiction. Petitioner filed an Objection on October 7, 2019. (Doc. 22.) Respondent filed a Response to the Objection on October 21, 2019. (Doc. 23.) For the following reasons, Petitioner's Objection will be overruled, the Report and Recommendation will be adopted, and the § 2241 petition will be denied.

**I.  Standard of Review**

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is

filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## II.     Background

On July 18, 2003, Petitioner Terrance Smith was convicted in the State of Virginia on four counts relating to the trafficking of cocaine, heroin, and other narcotics. *United States v. Smith*, 2017 WL 2837144, at *1 (E.D. Va. June 30, 2017), *appeal dismissed*, 714 F. App'x 310 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 375 (2018). He received a sentence of 360 months of incarceration as a "career offender" pursuant to U.S.S.G. § 4B1.1. *Id*. Petitioner appealed his convictions to the Fourth Circuit, which affirmed the convictions on March 21, 2006. *United States v. Smith*, 441 F.3d 254, 273 (4th Cir. 2006).

Subsequently Petitioner filed multiple petitions challenging his sentence pursuant to 28 U.S.C. § 2255. The first § 2255 petition was filed on July 12, 2007 and was dismissed. *Smith v. United States*, 2014 WL 12710241, at *1 (E.D. Va. Sept. 16, 2014). The district court construed Smith's subsequent motion to dismiss as a second § 2255 petition and dismissed it on June 21, 2012. *Id*. A third § 2255 petition was filed on July 28, 2014, wherein Petitioner challenged his career offender sentencing enhancement pursuant to U.S.S.G. § 4B1.1. *Id*. The court dismissed the third petition because Petitioner had failed to obtain authorization from the Fourth Circuit to file a successive petition, as required by 28 U.S.C. § 2255(h). *Id*.

On June 17, 2016, the Fourth Circuit granted Smith permission to file a successive § 2255 petition in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process. *Smith*, 2017 WL 2837144, at *1. The petition was ultimately denied as untimely

because Petitioner had "not cited a rule recognized by the Supreme Court and made retroactively applicable to his case." *Id*. at *3.

The pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was filed on March 4, 2019. (Doc. 1.) Smith claims he was illegally sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and that he has not had an "unobstructed procedural shot" at raising that claim. (*Id*.) Respondent filed the pending Motion to Dismiss on June 27, 2019. (Doc. 11.) Respondent argues that the court lacks jurisdiction over the § 2241 petition because Petitioner has not satisfied the savings clause of 28 U.S.C. § 2255(e), which allows a challenge to an improper sentence in a § 2241 petition. (*Id*. at 2.) Petitioner filed a Response on July 24, 2019 (Doc. 18), Respondent filed a Reply on August 8, 2019 (Doc. 19), and Petitioner filed a sur-reply on August 1, 2019 (Doc. 20).

The Magistrate Judge issued the Report and Recommendation ("R&R") on September 23, 2019. (Doc. 21.) The R&R recommends that this court grant Respondent's Motion to Dismiss (Doc. 11) and dismiss Petitioner's § 2241 Petition (Doc. 1) for lack of jurisdiction (Doc. 21 at 6). The R&R finds that Petitioner's challenge to his sentence may not be raised in a § 2241 Petition and that Petitioner has not satisfied the "escape hatch" of 28 U.S.C. § 2255(e) because he has not shown that he lacked an unobstructed procedural shot of presenting a claim of actual innocence, as required to show that a § 2255 motion is inadequate or ineffective. (*Id*. at 3-6.)

Petitioner filed an Objection to the R&R on October 7, 2019. (Doc. 22.) In his Objection, Petitioner argues that "the Magistrate Judge is incorrect that Smith could have raised his *Mathis* claim on direct appeal or in his first § 2255 motion." (*Id*. at 2.) He contends that he has satisfied the escape hatch exception because his claim is based on a new Supreme Court statutory interpretation. (*Id*.) He further contends that he is entitled to challenge his career offender determination in his § 2241 Petition because he was sentenced prior to *United States v. Booker*, 543 U.S. 220 (2005). (*Id*.)

. . . .

### III. Applicable Law

"A motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and [] restrictions on the availability of a § 2255 motion cannot be avoided through a petition under [] § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (internal citations omitted). The one exception to this rule is the escape hatch of § 2255. *Stephens*, 463 F.3d at 897. Under the escape hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is inadequate and ineffective to test the legality of his detention." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016). This occurs when a prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). A § 2255 petition is not an "inadequate or ineffective remedy" simply because a petitioner failed to bring his claim in his first § 2255 petition and is procedurally barred from filing another. *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).

A petitioner has not had an unobstructed procedural shot to pursue his claim if the claim "did not become available until after a federal court decision." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotation omitted). Courts consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." *Harrison*, 519 F.3d at 960. To establish unavailability, "[a]n intervening court decision must effect a material change in the applicable law[.]" *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). "In contrast, a decision that simply provides further clarification. . . does not effect such a change." *Alaimalo*, 645 F.3d at 1048.

To establish "actual innocence," a petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000). "[T]he issue is factual innocence, not mere legal insufficiency." *Lorentsen*, 223 F.3d at 954.

## IV. Discussion

Petitioner has not shown that he lacked an unobstructed procedural shot to pursue his claim that he was illegally sentenced as a career offender pursuant to § 4B1.1. As the R&R recognizes, *Mathis* merely clarified the categorical analysis to ACCA based on the Supreme Court's "'longstanding principles.'" *Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017) (quoting *Mathis*, 136 S. Ct. at 2251). Although *Mathis* did resolve a Circuit split in authority, it agreed with the existing approach of the Fourth Circuit and did not change the law in that Circuit. *Mathis*, 136 S. Ct. at 2251 n.1. Accordingly, Petitioner fails to show how the Magistrate Judge erred in her determination that *Mathis* does not provide a legal basis for Petitioner to utilize the escape hatch provision of § 2255. (Doc. 22 at 6.)

Furthermore, although Petitioner alleges that he is "actually and factually innocent of his enhanced sentence as a career offender," (Doc. 1 at 7), he provides no basis for his claim of factual innocence, and "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." *Marrero*, 682 F.3d at 1195.

Relying on *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) and *Harris v. District Court for Southern Indiana*, 989 F. Supp. 2d 1088 (D. Or. 2013), Petitioner argues that he is entitled to challenge his career offender determination in a § 2241 Petition because he was sentenced prior to *Booker*, 543 U.S. 220. Petitioner's reliance on *Wheeler* is unavailing because that case applied an escape-hatch standard broader than the one applied in the Ninth Circuit. *See Wheeler*, 886 F.3d at 427. And although *Harris* recognized a possible exception that would allow a petitioner who was sentenced in the pre-*Booker* era to challenge a sentencing enhancement in a § 2241 Petition, that exception requires a showing that (1) a retroactive statutory interpretation opinion by the United States Supreme Court rendered the sentencing court's decision unlawful, and (2) at the time of the Petitioner's first § 2255 motion, binding precedent foreclosed the arguments made in the § 2241 Petition. 989 F. Supp. 2d at 1091. Here, Petitioner has not

made that showing.

Accordingly,

**IT IS ORDERED** that:

1. Petitioner's Objection (Doc. 22) is **overruled**.
2. The Report and Recommendation (Doc. 21) is **accepted and adopted in full**.
3. Respondent's Motion to Dismiss (Doc. 11) is **granted**.
4. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **dismissed for lack of jurisdiction**. The Clerk of Court is directed to enter judgment accordingly and close this case.
5. Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 31st day of October, 2019.

_____
Honorable Rosemary Márquez
United States District Judge